UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**RICHARD GRAVELY,**

    **Plaintiff,**

                            Civil Action No. 2:19-cv-00908

**v.**

**HOLLY J. WILSON,** *et al.***,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on December 26, 2019. (ECF No. 1) By Administrative Order entered on December 26, 2019, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4) Having examined Plaintiff's Complaint (ECF No. 2) and Supplemental Complaint with Appendix (ECF Nos. 5, 5-1), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.

## FACTUAL BACKGROUND

On December 26, 2019, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint; subsequently on December 30, 2019, he filed a Supplemental Complaint with Appendix.[1] (ECF Nos. 1, 2, 5, 5-1) In his initial and Supplemental

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519,

Complaints, Plaintiff names the following as Defendants: (1) Holly J. Wilson; (2) Richard Monahan; and (3) David J. Walters. Plaintiff appears to allege that these Defendants violated his due process rights when they "perpetrated Fraud Upon the Court" ostensibly because they represented that "Plaintiff was a Federal Class Settlement Class Member in *Crystal Good v. Am Water Works Co.*, No: 2:14-cv-01374, 'which,' the Circuit Court relied on to dismiss **Plaintiffs'** complaint. For such, Plaintiff was **injured**." (emphasis in original) (ECF No. 2 at 1) In his Supplemental Complaint, Plaintiff further asserts that "[o]n September 19, 2018, Plaintiff's lawyer colluded with adversary counsel" and jointly moved the Circuit Court of Kanawha County, West Virginia to have several cases, including Plaintiff's individual lawsuit, *Gravely v. West Virginia Water Co.*, No. 3:19-C-85, dismissed "on the fraudulent premise, that Plaintiff was a *Good* Settlement. For such, Plaintiff was injured." (ECF No. 5) Plaintiff indicates that he filed a complaint on October 1, 2018 against Defendants in the Circuit Court of Kanawha County, West Virginia "for their evil, reprehensible conduct of having Plaintiff's complaint dismissed without any due process" (Id. at 2), however, the Court dismissed Plaintiff's complaint on December 6, 2018, which injured Plaintiff "a second time anew." (Id.)

As relief, Plaintiff requests an award for expenses incurred in prosecuting this action, compensatory and punitive damages, pre- and post-judgment interest and for other such relief as the Court deems fit and proper. (ECF No. 2 at 2)

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*,

---

520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[2], liberal construction "does not require

---

[2] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

**1.     Lack of Subject Matter Jurisdiction:**

As noted *supra*, Plaintiff names three individuals who ostensibly represented the attorneys involved in settling a class action matter in this Court (Good et al v. American Water Works Company, Inc., et al., case number 2:14-cv-01374), causing his individual civil action to be dismissed by the Circuit Court of Kanawha County, thus violating his due process rights.

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District

Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).

There simply is no evidence that the claims raised in Plaintiff's Complaint or Supplemental Complaint fulfill the requirements for federal question or diversity jurisdiction. Indeed, in Plaintiff's original civil action that he filed in the Circuit Court of Kanawha County, he sought $10,000 in damages (ECF No. 5-1 at 2) and he provides no sum or value for the damages sought in the case *sub judice*. Moreover, this Court specifically remanded Plaintiff's civil action back to State court by Order entered on December 17, 2015 for lack of subject matter jurisdiction.[3] Accordingly, this Court cannot now exercise jurisdiction over Plaintiff's claims.

2.  **Application of Res Judicata:**

Plaintiff has alleged that he filed a complaint in Kanawha Circuit Court against the *clients* of Defendants for legal malpractice. (ECF No. 2 at 1) Plaintiff has attached the Memorandum Opinion and Order entered on December 6, 2018 by Kanawha Circuit Court Judge Charles E. King, Jr. dismissing Plaintiff's complaint. (ECF No. 5-1 at 19-24)[4] To the extent that Plaintiff's legal malpractice claim against Defendants' clients concerns the same claims he raises herein against Defendants themselves, it would appear that Plaintiff is attempting to resurrect State claims that were already adjudicated.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of Plaintiff's current civil action. The preclusive

---

[3] See, Desimone Hospitality Services, LLC v. West Virginia-American Water Company, Lead Civil Action No.: 2:14-cv-14845, ECF No. 3.
[4] Richard Gravely v. Anthony Majestro, Marvin W. Masters, and Benjamin L. Bailey, Civil Action No. 18-C-1249.

effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

Claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987). The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior

proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

It is apparent that the case *sub judice* involves the same events or offenses complained of in the prior civil action Plaintiff filed in the Kanawha Circuit Court. In that case, Plaintiff alleged Defendants' clients[5] committed legal malpractice by causing his individual civil action to be dismissed; the Kanawha Circuit Court determined Plaintiff's claims were collaterally estopped. Significantly, the Kanawha Circuit Court noted that Plaintiff's "arguments are contradictory at best and fallacious at worst. He curiously claims that he is not a class member while simultaneously claiming that class counsel owed him professional duties. Neither of these claims may survive." (ECF No. 5-1 at 22) The Kanawha Circuit Court further noted that district courts throughout this country have routinely found that a district court's finding regarding the adequacy of counsel has preclusive effect on post-settlement malpractice claims.[6] (Id. at 22-23)

"The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W.Va. Jun. 7, 2012) (citations omitted) The undersigned finds that Plaintiff's allegations or issues raised in the current civil action are identical to those presented in his prior civil action, and therefore, the same evidence would support both actions. Therefore, the current case is barred by *res judicata*. Further, there is no indication that Plaintiff sought further review of the Kanawha

---

[5] The Defendants' clients were the lawyers involved in the class action filed in the Circuit Court of Kanawha County against West Virginia American Water for a chemical spill in the water supply for Kanawha County; they also participated in the class action that remained in this Court. This Court entered a final order certifying the class, approving the settlement, and entered judgment on June 6, 2018 (See, ECF No. 1212, case no. 2:14-cv-01374). As noted *supra*, this Court remanded Plaintiff's case from that action for lack of subject matter jurisdiction.
[6] The Kanawha Circuit Court cited Wyly v. Weiss, 697 F.3d 131, 144 (2d Cir. 2012); Thomas v. Powell, 247 F.3d 260, 264 (D.C. Cir. 2001); Achtman v. Kirby, McInerney & Squire, LLP, 404 F.Supp.2d 540, 545 (S.D.N.Y. 2005).

Circuit Court's dismissal, thus it appears the decision is final on its merits.

To the extent that Plaintiff is now suing different defendants, who he alleged were the "clients" of Defendants in the prior legal malpractice action, it is necessary to determine the privity of Defendants to Messrs. Majestro, Masters, and Bailey. To be in privity with a party to a previous litigation, the nonparty must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Jones v. SEC, 115 F.3d 1173, 1180 (4th Cir. 1997) (citing Nash County Board of Education v. Biltmore Co., 640 F.2d 484, 493 (4th Cir. 1981). Plaintiff's current civil action simply bootstraps the allegations he raised in the prior State court proceeding by now naming the lawyers who represented the lawyers in that prior action. Clearly, Defendants are in privity with Messrs. Majestro, Masters, and Bailey, in both the current and prior actions, thus Plaintiff's claims against Defendants are barred by *res judicata*.

For the reasons stated herein, the undersigned respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs be denied and that his Complaint and Supplemental Complaint be dismissed with prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's Complaint and Supplemental Complaint (ECF Nos. 2, 5) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTERED: March 30, 2020.



Omar J. Aboulhosn
United States Magistrate Judge