IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD GRAVELY,

          Plaintiff,

v.                                              CIVIL ACTION NO.   2:19-cv-00908

HOLLY J. WILSON, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Application to Proceed in District Court Without Prepayment of Fees or Costs* (Document 1), *Complaint* (Document 2), *Supplemental Complaint with Appendix* (Document 5), the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 6), and the Plaintiff's *Objection to Proposed Finding and Recommendation* (Documents 7 and 8). By *Standing Order* (Document 4) entered on December 26, 2019, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 30, 2020, the Magistrate Judge submitted his PF&R, wherein he recommended that this Court deny the Plaintiff's application to proceed without prepayment of fees and costs, and dismiss the Plaintiff's complaint and supplemental complaint for failure to state a claim upon which relief can be granted.  The Plaintiff timely objected to the PF&R.  For the reasons stated

herein, the Court finds that the Magistrate Judge's PF&R should be adopted with modifications and the Plaintiff's objections should be overruled.

## FACUTAL AND PROCEDURAL BACKGROUND

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, acting *pro se*, filed a complaint and an application to proceed without prepayment of fees or costs on December 26, 2019. The Plaintiff then filed a supplemental complaint with an appendix on December 30, 2019. The Plaintiff brings this action against Defendants Holly J. Wilson, Richard Monahan, and David J. Walters, alleging that the Defendants violated his due process rights and "perpetrated Fraud Upon the Court" by representing that the Plaintiff was a federal class settlement member in a previous lawsuit—*Good v. Am. Water Works Co.*, No: 2:14-cv-01374 (S.D. W. Va., June 6, 2018). (Compl. at 1.) The Plaintiff asserts that he was not a federal class settlement member and, thereby, such representation was fraudulent and injurious because the Circuit Court relied on that representation to dismiss the Plaintiff's prior complaint.

As background, on January 15, 2014, the Plaintiff filed a complaint in the United States District Court for the Southern District of West Virginia against West Virginia American Water Company, alleging injuries in connection with the release of MCHM into the water supply in Charleston, West Virginia. That case was remanded to the Circuit Court of Kanawha County by Order entered December 17, 2015 by the Honorable John T. Copenhaver, Jr., and was consolidated

with other cases arising from the spill of MCHM into the water supply in Charleston and surrounding areas on January 9, 2014. On January 26, 2016, the Supreme Court of West Virginia then referred the consolidated case, styled as *In Re: Water Contamination Litigation*, Civil Action 16-C-6000, to the Mass Litigation Panel (MLP).

Pursuant to an order entered July 6, 2017, the United States District Court for the Southern District of West Virginia approved certification of a proposed settlement class. *Good v. W. Virginia-Am. Water Co.*, No. CV 14-1374, 1017 WL 2884535 (S.D. W. Va., July 6, 2017). On June 8, 2018, the Unite States District Court granted the parties' joint motion for final approval of the class action settlement. The terms of that settlement required that the parties dismiss all actions related to the January 9, 2014 chemical spill.

Subsequently, a joint motion was filed wherein the parties encouraged the MLP to dismiss all consolidated civil actions pending before it, with the exception of two plaintiffs who opted out of the settlement, namely, Janet Thompson and County Commission of Lincoln County, West Virginia. Notably, Mr. Gravely was not listed as a Plaintiff who opted out of the settlement agreement.

On September 28, 2018, the Circuit Court of Kanawha County dismissed all claims pending before the MLP. In so doing, the Circuit Court noted that, "On September 21, 2018, plaintiff Richard Gravely, Civil Action No. 14-C-85 KAN, appeared pro se at a status conference for the Thompson and Lincoln County actions and informed the court he had not received notice of the class action settlement. The court informed Mr. Gravely it had no jurisdiction to address whether he received notice of the class action settlement, and if he did not opt out, his civil action is included in the class action settlement. Nonetheless, on September 26, 2018, Mr. Gravely filed

a *Notice of Hearing* (Transaction ID 62492164) regarding *the Joint Motion to Dismiss and Remove Cases from the Court's Docket* (Transaction ID 62467819)." *In re: Water Contamination Litigation*, Civil Action No. 16-C-123 KAN, *5 (Kanawha Cty. Cir. Ct., W. Va., Sept. 28, 2018). The Circuit Court found that the only plaintiffs who opted out of the settlement were Janet Thompson and the Lincoln County Commission. *Id.* The Circuit Court then dismissed the civil action filed by the Plaintiff, Mr. Gravely, with prejudice. *Id.*

On October 1, 2018, the Plaintiff filed a new complaint in the Circuit Court of Kanawha County against Anthony Majestro, Marvin W. Masters, and Benjamin L. Bailey—who were plaintiffs' counsel in the 2014 chemical spill class action—alleging that counsel breached their duty to him by settling the class action lawsuit without notifying him. The Circuit Court dismissed the Plaintiff's claims, noting that the "plaintiff has not put forward any evidence to support his claims" and that "[h]is arguments are contradictory at best and fallacious at worst." *Gravely v. Majestro, et al.*, No. 18-C-1249 (Kanawha Cty. Cir. Ct., W. Va., Dec. 6, 2018). The Circuit Court also found that the lawyers did not owe Mr. Gravely actual notice during the class action settlement.

The Plaintiff's current complaint is filed against Holly J. Wilson, Richard A. Monahan, and David J. Walters, the lawyers who represented Anthony Majestro, Marvin W. Masters, and Benjamin L. Bailey in the previous lawsuit filed against them by the Plaintiff. The Plaintiff now alleges that his due process rights were violated by the dismissal of his 2018 complaint filed in the Circuit Court of Kanawha County when the Defendants represented that he was a settlement class member in the class action lawsuit for the 2014 chemical spill.

The Plaintiff requests an award for expenses incurred in prosecuting this action, compensatory and punitive damages, pre- and post-judgment interest and for such other relief as the Court deems fit and proper. The Magistrate Judge entered his PF&R on March 30, 2020. The Plaintiff timely filed objections to the PF&R on April 13, 2020.[1]

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Plaintiff made two objections to the PF&R. The Plaintiff's first objection states that he "pled an explicit injury-in fact that was sufficiently traceable to officers of the court, which clearly stated a claim for which relief could be granted." (Document 7 at 1 (internal quotation

---

1 The Plaintiff also filed a duplicate of the original objections on April 15, 2020.

marks omitted)).) The Plaintiff's second objection states, "Plaintiff's [explicit] injury-in-fact that was [sufficiently] traceable to 'officers of the court,' has never been adjudicated on the merits. Therefore, the application of res judicata is not applicable." *Id.* The Court notes that such general and conclusory objections to the Magistrate Judge's findings do not warrant de novo review. *Orpiano*, 687 F.2d at 47. However, to be thorough, the Court has given consideration to the Plaintiff's objections and has reviewed the Magistrate Judge's conclusions de novo.

As an initial matter, the Court finds that the Plaintiff failed to provide sufficient information to confer subject matter jurisdiction on this Court. The Plaintiff has made no showing that a federal question is at issue and has failed to provide evidence establishing complete diversity or the requisite amount in controversy. Instead, the Plaintiff appears to be seeking review of the Circuit Court's dismissal of his complaint. However, this Court is not the proper forum to seek such review. Having found a lack of subject matter jurisdiction, the Court's analysis would ordinarily end there. However, since the Plaintiff is pro se and the complaint is vague, the Court will briefly address the Plaintiff's res judicata objection.

It is clear that the Plaintiff is attempting to relitigate claims which the Plaintiff pursued previously in both state and federal court. The ultimate issue—whether the Plaintiff was a settlement class member—has been previously litigated in the various forums in which the Plaintiff has presented the issue. See *In re: Water Contamination Litigation*, Civil Action No. 16-C-123 KAN, *5 (Kanawha Cty. Cir. Ct., W. Va., Sept. 28, 2018); *Gravely v. Majestro, et al.*, No. 18-C-1249 (Kanawha Cty. Cir. Ct., W. Va., Dec. 6, 2018).

Res judicata bars further claims when there has been a final judgment on the merits for the cause of action. *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 773

(4th Cir. 1991) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Both claim preclusion and issue preclusion fall under the umbrella of res judicata. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). Claim preclusion requires that: "(1) [t]he first suit must have concluded in a final judgment on the merits; (2) [t]he second suit must involve the assertion of claims by persons who were parties or in privity with parties in the first suit; and (3) [t]he claims asserted in the second suit must be based on the same cause of action as the first suit." *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987). Issue preclusion requires: (1) "that the issue sought to be precluded is identical to the one previously litigated"; (2) "that the issue was actually determined in the prior proceeding"; (3) "that the issue's determination was a critical and necessary part of the decision in the prior proceeding"; (4) "that the prior judgment is final and valid"; and (5) "that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum." *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (internal quotation marks omitted).

      The Plaintiff argues that this claim pertains to "officers of the court," and therefore res judicata is not applicable. However, the Plaintiff is merely attempting to rehash the exact same issue by rebranding the claim and asserting it against the lawyers who represented defendants in the previous suit. Throughout the multiple lawsuits, the central component of the Plaintiff's claim has been that he was not a settlement class member, and thus, he should not have been included in the settlement class. The issue has been previously litigated. This type of repetitious litigation fails to promote efficient use of judicial and other resources. Having fully considered the matter, the Court finds that the Magistrate Judge's PF&R must be adopted and, to the extent that the

Plaintiff has alleged any claim(s) over which the Court has subject matter jurisdiction, the Plaintiff's claims must be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the Plaintiff's *Objections to Proposed Findings and Recommendation* (Documents 7 and 8) be **OVERRULED** and that the *Proposed Findings and Recommendation* (Document 6) be **ADOPTED** as set forth herein.

The Court further **ORDERS** that the Plaintiff's Complaint be **DISMISSED** for lack of jurisdiction, that this matter be **STRICKEN** from the Court's docket, and that all pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 22, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA