IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD GRAVELY,

          Plaintiff,

v.                                                CIVIL ACTION NO.   2:19-cv-00908

HOLLY J. WILSON, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Alter or Amendment of Judgment Pursuant to Rule 59(2)(e) of Federal Rules of Civil Procedure* (Document 12).  For the reasons stated herein, the Court finds that the motion should be denied.

The Plaintiff, acting *pro se*, filed a complaint and an application to proceed without prepayment of fees or costs on December 26, 2019.  The Plaintiff then filed a supplemental complaint with an appendix on December 30, 2019.  The Plaintiff alleged that the Defendants violated his due process rights by perpetrating fraud upon the court in representing that he was a member of a federal class settlement in a previous lawsuit.

On March 30, 2020, the Magistrate Judge submitted a PF&R, recommending that this Court deny the Plaintiff's application to proceed without prepayment of fees and costs, and dismiss the Plaintiff's complaint and supplemental complaint for failure to state a claim upon which relief could be granted.  The Plaintiff timely submitted objections to the PF&R.  After review of the PF&R and the objections, this Court entered an order dismissing the Plaintiff's complaint for lack

of jurisdiction, also finding that, to the extent that the Plaintiff alleged any claim(s) over which the Court had subject matter jurisdiction, the Plaintiff's claims must be dismissed.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Plaintiff's motion for reconsideration presents essentially the same arguments as his complaint and the objections to the PF&R. The Court considered those arguments in the opinion overruling the objections, adopting the PF&R, and dismissing the complaint for lack of jurisdiction.

Wherefore, after careful consideration, finding that the Plaintiff has not met the standard applicable to Rule 59(e) motions for reconsideration, and for the reasons set forth in the Memorandum Opinion and Order previously entered in this matter, the Court **ORDERS** that the *Plaintiff's Motion for Alter or Amendment of Judgment Pursuant to Rule 59(2)(e) of Federal Rules of Civil Procedure* (Document 12) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 29, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA